UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

JEFFERY LANE CARPENTER, SR.,     |
                               |
        Petitioner,           |        Civil Action No. 3:13-045-GFVT
                               |
v.                                    |
                               |         **MEMORANDUM OPINION**
COMMONWEALTH OF KENTUCKY, *et*   |                **&**
*al.,*                                    |            **ORDER**
                               |
        Respondents.

**\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\***

Jeffrey Lane Carpenter, Sr. ("Carpenter") is an inmate currently confined at the Kentucky State Reformatory in LaGrange, Kentucky. Proceeding *pro se*, Carpenter has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, concerning his declaration of rights petition filed pursuant to Kentucky Revised Statute ("KRS") 418.040 in the Franklin Circuit Court. Carpenter has paid the $5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Carpenter's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573

(6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny it because Carpenter can not pursue his claims under 28 U.S.C. § 2241.

I

A

Carpenter has an extensive criminal record of felony convictions in the Kentucky state courts. According to the Kentucky Department of Corrections' website, he has been convicted of fifteen felony offenses in Logan and Butler Counties in Kentucky, dating back to September 12, 1983.[1] He has been convicted on charges of burglary, escape, being a persistent felony offender ("PFO") (second and first-degree), theft by unlawful taking, tampering with physical evidence, arson, promoting contraband, possession of a handgun by a convicted felon, criminal possession of a forged instrument, and sexual abuse (first degree). He was most recently released on parole in 1996, but was rearrested in 1999 on charges of sexual abuse. Subsequently, in 2003, he was convicted in Butler Circuit Court of first-degree sexual assault and for being a PFO, and he received a fifteen-year sentence to be served consecutively to his prior sentence from which he had been released on parole. His most recent conviction resulted in the revocation of his parole.

---

[1] *See* http://apps.corrections.ky.gov/KOOL/ioffres.asp?Inm=095017&Action=Detail&Pagenum=1 (last visited on December 30, 2013).

In August 2011, Carpenter moved the Butler Circuit Court for re-sentencing, claiming that two Logan Circuit Court indictments, dating back from 1991 and 1992, which had been dismissed with prejudice and should have been expunged, had been referenced in his presentence investigation (PSI) report. He also claimed that the Sex Offender Treatment Program (SOTP) evaluators made references to the dismissed Logan County cases in conducting a comprehensive sex offender presentence evaluation on July 9, 2010, and had determined that he was a high-risk repeat offender based on these two dismissed charges from 1991 and 1992. In his motion for re-sentencing, he advised the Butler Circuit Court that he had filed a motion in the Logan Circuit Court on June 5, 2011, to have these two dismissed charges expunged from his files.

In the motion filed on August 20, 2011, in Butler Circuit Court, Carpenter requested that he be resentenced and that the files relating to the dismissed charges be removed from his PSI report, and that the court order the SOTP to perform another evaluation of him without regard to the 1991 and 1992 dismissed charges.

On August 25, 2011, Carpenter also filed a petition for declaration of rights in the Franklin Circuit Court, claiming that the Logan Circuit Court's failure to order the expungement of the 1991 and 1992 dismissed charges had violated his constitutional rights. He further contended that the Butler Circuit Court improperly used these dismissed charges to his detriment throughout his case and that he was erroneously classified as a high-risk repeat offender by the SOTP because of these dismissed charges that should have been expunged from his record.

The Franklin Circuit Court dismissed this petition on the grounds that Carpenter had filed a prior suit in Butler Circuit Court against equivalent parties and regarding the same subject matter. Carpenter appealed the dismissal to the Kentucky Court of Appeals. On March 15, 2013, the Kentucky Court of Appeals affirmed the Franklin Circuit Court's dismissal of his petition. *See Jeffery L. Carpenter v. Commonwealth of Kentucky*, No. 2011-CA-001970-MR.[2]

On July 30, 2013, Carpenter filed the present habeas petition.

B

Carpenter claims that the Franklin Circuit Court's dismissal of his declaration of rights petition was erroneous because: (1) the application of the "plea in abatement" doctrine in dismissing that case was contrary to law, and (2) it was an independent action filed under KRS 418.040 that did not affect other civil actions. Carpenter also claims that Kentucky's SOTP evaluators violated his civil rights by using charges that had been dismissed with prejudice in evaluating him and classifying him as a high-risk repeat offender when he only has a single conviction for a sex crime. Carpenter further claims that he has suffered a manifest injustice by the Kentucky state courts repeatedly overlooking the main issue: the violation in regards to KRS 17.142 on segregated records and the mandatory language of KRS 510.300 regarding the expungement of records.

---

[2]It is unknown whether Carpenter filed a motion in the Kentucky Supreme Court for discretionary review of the Kentucky Court of Appeals' decision affirming the Franklin Circuit Court.

4

For relief, Carpenter requests this Court to remand his petition for a declaration of rights filed in the Franklin Circuit Court to that court for a full hearing on the merits of that petition and all other relief requested in that petition. He also requests the expungement of his dismissed charges, and that this Court order an investigation into the admission of certain evidence in one of his criminal trials and "why a manifest injustice has been allowed to stand causing petitioner additional prison time; . . ." [R. 1, p. 13]

II

Carpenter is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, he seeks relief based on alleged erroneous rulings by the Kentucky state courts in considering his petition for a declaration of rights filed pursuant to KRS 418.080 in the Franklin Circuit Court. In this action, as it presently stands, Carpenter cannot utilize 28 U.S. § 2241 as a mechanism to request relief from the decision of the Kentucky state courts concerning his petition for a declaration of rights.

Carpenter apparently misunderstands the role of this Court. To the extent that he wishes to challenge any ruling by the Kentucky state courts as to his petition for a declaration of rights, assuming he did not seek discretionary review by the Kentucky Supreme Court of the decision by the Kentucky Court of Appeals in affirming the Franklin Circuit Court's dismissal of his petition for a declaration of rights (meaning that that state court action has been concluded), his claim in this Court would be barred under the *Rooker-Feldman* doctrine. This doctrine, described as "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a

5

federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). If Carpenter is displeased with the rulings or outcome of those proceedings in state court, he must pursue relief first through the state court appellate process, not from this Court, and then from the United States Supreme Court.

Alternatively, if Carpenter did seek discretionary review from the Kentucky Supreme Court in respect to his petition for a declaration of rights and that matter is still pending before the Kentucky Supreme Court, his habeas petition in this Court is barred by *Younger v. Harris*, 401 U.S. 37 (1971) (directing abstention by the federal courts if matters are pending in a state proceeding as a matter of comity between state and federal courts).

III

Accordingly, it is hereby **ORDERED** that:

1.      Jeffrey Lane Carpenter's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2.      The Court will enter an appropriate judgment.

3.      This matter is **STRICKEN** from the active docket.

This 10th Day of January, 2014.



**Signed By:**

*Gregory F. Van Tatenhove*

**United States District Judge**

6